UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN DIANE TORRES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-0310 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge erred in several respects. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

PROCEDURAL BACKGROUND

In January of 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on June 10, 2011. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

("Tr.") at 200-15.) Plaintiff's application for DIB was denied initially, (id. at 126-30), and upon reconsideration.[2] (Id. at 137-41.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on January 29, 2014. (Id. at 40-98.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 40-42.) In a decision issued on July 17, 2014, the ALJ found that plaintiff was not disabled. (Id. at 33.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since June 10, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbar spine degenerative disc disease and irritable bowel syndrome (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand 4 hours in an 8-hour day, and walk 4 hours in an 8-hour day with breaks. She can sit 4 hours in an 8-hour day with breaks. She can sit/stand at will and requires a cane for long distances and uneven terrain. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She must avoid work at unprotected heights or around dangerous machinery. She requires ready access to a restroom with unscheduled restroom breaks lasting a few minutes.
>
> 6. The claimant is capable of performing past relevant work as a teacher's aide. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June 10, 2011, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 26-33.)

---

[2] Plaintiff asserts that her "SSI claim does not appear to have been adjudicated on this record." (Pl.'s MSJ (ECF No. 14) at 6.) Defendant has not addressed this assertion.

2

On December 28, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's July 17, 2014 decision. (Id. at 1-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 16, 2016. (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

3

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following six principal claims: (1) the ALJ erred at step three of the sequential evaluation; (2) the ALJ's treatment of the medical opinion evidence constituted error; (3) the ALJ failed to discuss plaintiff's fibromyalgia; (4) the ALJ's residual functional capacity determination was erroneous; (5) the ALJ's treatment of plaintiff's subjective testimony constituted error; and (6) the ALJ's treatment of other subjective testimony constituted error.[3] (Pl.'s MSJ (ECF No. 14) at 12-20.[4])

**I.      Step Three**

At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester, 81 F.3d at 828. The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant shows that her impairments meet or equal a Listing, she will be found presumptively disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

////

---

[3] The court has reordered plaintiff's claims for purposes of clarity and efficiency.
[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

| | |
|---|---|
| 1 | The claimant bears the burden of establishing a prima facie case of disability under the |
| 2 | Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). To "meet" a listed |
| 3 | impairment, the claimant must establish that her condition satisfies each element of the listed |
| 4 | impairment. See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). |
| 5 | To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory |
| 6 | findings" at least equal in severity and duration to each element of the listed impairment. Id. |
| 7 | Here, plaintiff argues that she met or equaled Listings 5.06 for irritable bowel syndrome, |
| 8 | 1.02 for major dysfunction of the joints of the sacroiliac hip dysfunction in both hips, 1.04 |
| 9 | disorders of the spine for bilateral pars defects and anteriolisthesis of the lumbar vertebrae, and |
| 10 | 12.04 affective disorder. (Pl.'s MSJ (ECF No. 14) at 12.) The ALJ's decision step three |
| 11 | discussion states simply: |

> While the claimant has symptoms of back pain, she has nonetheless demonstrated intact neurological function and negative straight-leg raises. The claimant's musculoskeletal impairments have not resulted in motor loss, reflex changes, sensory deficits or the degree of functional loose required by the musculoskeletal listings. While the claimant has a history of diarrhea, the record reveals no episodes of bowel obstruction, abdominal masses, anemia requiring frequent blood transfusions, draining abscesses, or significant involuntary weight loss.

| | |
|---|---|
| 17 | (Tr. at 29) (citations omitted). In this regard, the ALJ's step three discussion fails to discuss any |
| 18 | specific Listing or the specific requirements to meet or equal that Listing, and discusses very little |
| 19 | evidence of record. |
| 20 | "An ALJ must evaluate the relevant evidence before concluding that a claimant's |
| 21 | impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to |
| 22 | support a conclusion that a claimant's impairment does not do so." Lewis, 236 F.3d at 512 (citing |
| 23 | Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a |
| 24 | claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ |
| 25 | must explain adequately his evaluation of alternative tests and the combined effects of the |
| 26 | impairments.")). Moreover, an "ALJ must provide a discussion of the evidence and an |
| 27 | explanation of reasoning for his conclusion sufficient to enable meaningful judicial review." |
| 28 | Diaz v. Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted). |

Here, the ALJ did not adequately explain his finding that plaintiff's impairments did not meet or equal a Listing. See Laborin v. Berryhill, --- Fed.Appx. ---, 2017 WL 3508828, at *2 (9th Cir. 2017) ("Here, other than stating general conclusions about the medical record, citing a few specific points in the course of the credibility determination, and summarizing the functional assessments—but not the medical findings—of the physicians, the ALJ did not adequately discuss the medical record."); Stratton v. Astrue, 987 F.Supp.2d 135, 144 (D. N.H. 2012) ("At step three of the sequential process, the ALJ is generally required to elaborate as to which disability Listings he considered in the process, and state reasons why Petitioner's claim did not meet or equal the contemplated Listing."); Bouchard v. Astrue, No. EDCV 08-1891 JC, 2010 WL 358538, at *6 (C.D. Cal. Jan. 25, 2010) ("Although the ALJ may have determined that plaintiff's impairments are not of equal medical significance to those in Listing 1.03, or that any equivalent impairment failed to satisfy the durational requirement under such listing, the Court cannot so conclude on this record. The ALJ failed adequately to discuss, or even cite Listing 1.03 in his step three analysis. This Court is constrained to review the reasons cited by the ALJ."); Santiago v. Barnhart, 278 F.Supp.2d 1049, 1058 (N.D. Cal. 2003) ("There was no discussion on how Santiago's alleged impairments failed to meet the listed impairments identified by Santiago.").

Accordingly, the court finds that plaintiff is entitled to summary judgment with respect to the claim that the ALJ erred at step three of the sequential evaluation.

## II. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

////

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Henry Starkes, Jr. (Pl.'s MSJ (ECF No. 14) at 14-17.) In this regard, on January 28, 2014, Dr. Starkes provided his opinion by completing a Medical Assessment of Ability to do Work Related Activities-Physical form. (Tr. at 594-96.) The ALJ's decision discussed Dr. Starkes opinion, stating:

> The claimant's allegations would find support in the opinion of her primary care physician, Henry Starkes, MD who opined in January 2014 that the claimant could not sustain even sedentary exertional work.

(Id. at 31.)

The ALJ went on to acknowledge that "[g]enerally, more weight is afforded to opinions from treating sources," but that "controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by other available medical evidence." (Id.) (citations omitted). In this regard, "[i]f a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight.'" Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (quoting 20 C.F.R. § 404.1527(d)(2)) (alterations in original).

////

However, "[e]ven when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Orn, 495 F.3d at 633). "If a treating physician's opinion is not given 'controlling weight' because it is not 'well-supported' or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given." Orn, 495 F.3d at 631. Those factors consist of: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the supportability ("particularly medical signs and laboratory findings"); the consistency with the record as a whole; the specialization (whether the opinion relates to the doctor's specialty); and any "other factors." 20 C.F.R. § 404.1527(c)(2)(1)-(6). The Commissioner "will always give good reasons in [the] notice of determination or decision for the weight [] give[n] [to the] treating source's medical opinion." 20 C.F.R § 404.1527(c)(2).

Here, the ALJ's decision fails to state what weight, if any, the ALJ afforded Dr. Starkes' opinion. (Tr. at 31.) Nor does the ALJ's decision discuss the specified factors addressed above. "Even if a treating physician's opinion is contradicted, the ALJ may not simply disregard it. The ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014). "This failure alone constitutes reversible legal error." Trevizo v. Berryhill, 862 F.3d 987, 998 (9th Cir. 2017); see also Laborin, 2017 WL 3508828, at *1 ("The ALJ did not evaluate Dr. Tran's opinion in light of the factors set forth in 20 C.F.R. § 404.1527(c). This failure by the ALJ is reversible legal error.").

Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of Dr. Starkes' opinion constituted error.

### III. Fibromyalgia

Plaintiff also argues that the ALJ's decision failed to discuss plaintiff's fibromyalgia symptoms. (Pl.'s MSJ (ECF No. 14) at 18.) Here, the ALJ's decision found that plaintiff's fibromyalgia was a severe impairment. (Tr. at 27.) Accordingly, the ALJ was required to

consider plaintiff's fibromyalgia during the five step sequential evaluation. See SSR 12-2P, 2012 WL 3104869, at *5 ("As with any adult claim for disability benefits, we use a 5-step sequential evaluation process to determine whether an adult with [a medically determinable impairment] of [Fibromyalgia] is disabled."). The ALJ's decision, however, makes no further mention of plaintiff's fibromyalgia.

Defendant argues that "[i]n assessing Plaintiff's [residual functional capacity], the ALJ considered all of the relevant evidence . . . . [and] reasonably found that Plaintiff's impairments including fibromyalgia did not result in disabling limitations." (Def.'s MSJ (ECF No. 17) at 10.) Defendant, however, does not provide a citation to a portion of the ALJ's decision that discusses plaintiff's fibromyalgia with respect to the ALJ's residual functional capacity determination.

Moreover, fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004). The "symptoms are entirely subjective." Jordan v. Northup Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 872 (9th Cir. 2004) overruled on other grounds by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006) (en banc); see also Welch v. UNUM Life Ins. Co. of Am., 382 F.3d 1078, 1087 (10th Cir. 2004) (fibromyalgia presents conundrum for insurers and courts because no objective test exists for proving the disease, its cause or causes are unknown, and its symptoms are entirely subjective).

In this regard, in the absence of any explicit consideration by the ALJ, it is entirely unclear if the ALJ considered plaintiff's fibromyalgia in the five step sequential evaluation. Such explicit consideration is especially important where, as is the case here, the ALJ finds that the plaintiff's "statements concerning the intensity, persistence and limiting effects of" her symptoms are not entirely credible. (Tr. at 30.)

Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ failed to discuss plaintiff's fibromyalgia throughout the five step sequential evaluation.

////

////

9

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the ALJ's multiple legal errors, the court cannot say that further administrative proceedings would serve no useful purpose.[5]

////
////
////
////
////

---

[5] In reaching this conclusion the court has considered plaintiff's claims that were not addressed in this order. See Bouchard v. Astrue, No. EDCV 08-1891 JC, 2010 WL 358538, at *6 (C.D. Cal. Jan. 25, 2010) ("The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: September 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\torres0310.ord