PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CHANTAL R. JENKINS, PA SBN 307531
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8931
    Facsimile: (415) 744-0134
    E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| KATHRYN DIANE TORRES, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:16-cv-00310-DB <br><br> STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX THOUSAND FIVE HUNDRED DOLLARS AND 00 CENTS ($6,500.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment

will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Robert C. Weems, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated: December 27, 2017  */s/ Robert C. Weems by Chantal R. Jenkins\**
ROBERT C. WEEMS
As authorized *via* email on December 21, 2017
Attorney for Plaintiff

Dated: December 27, 2017  PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By: */s/ Chantal R. Jenkins*
CHANTAL R. JENKINS
Special Assistant United States Attorney

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.[1]

Dated: December 28, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\torres0310.eaja.ord

---

[1] In light of the parties' stipulation, plaintiff's December 8, 2017 motion for EAJA fees (ECF No. 21) is denied as having been rendered moot.